Filed  06/08/26

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-01634

| Keren Sita v. State of Vermont , et al |
| --- |

## ENTRY REGARDING MOTION

**Title:**     Motion to Dismiss; Motion to Dismiss ;  (Motion: 3; 4)
**Filer:**     Oliver Twombly; Peter A. Sterling
**Filed Date:**     April 09, 2026; April 21, 2026

The motion is GRANTED IN PART and DENIED IN PART.

This case arises out of the alleged termination of Plaintiff Ms. Keren Sita's subsidized, emergency housing at a local motel, Defendant Budget Inn.[1]

Ms. Sita claims that in terminating her residence at the motel, Budget Inn discriminated against her in violation of Vermont's Fair Housing and Public Accommodations Act (FHPA), 9 V.S.A. §§ 4500–4508, on the basis of race.[2]  She claims that Defendant the State of Vermont, an agency of which had issued the housing "voucher" enabling her residency at Budget Inn, violated the Common Benefits Clause of the Vermont Constitution.  Vt. Const. ch. I, art. 7.

She claims further that both Budget Inn and the State (a) retaliated against her in violation of 9 V.S.A. § 4506; (b) breached the implied covenant of good faith and fair dealing attending a "housing agreement"; and (c) committed the tort of intentional infliction of emotional distress.

The State and Budget Inn, separately, filed motions to dismiss.  The State argues that, as pleaded, the complaint fails to state a claim pursuant to Rule 12(b)(6).  Budget Inn argues that the form of the summons served on it is defective, warranting dismissal pursuant to Rule 12(b)(4).  Ms. Sita filed a consolidated opposition to dismissal on any basis.

---

[1] Defendants include Ms. Marissa Betancourt, a Budget Inn employee.  For purposes of this decision, the court refers to Budget Inn and Ms. Betancourt collectively as Budget Inn.

[2] In fact, Ms. Sita alleges that she has several qualities that provoked the discriminatory acts, though race is the prominent one that could have resonance under the FHPA.  See 9 V.S.A. § 4503(a)(1).  It is unclear from her filings, however, whether she is asserting other statutorily prohibited bases for discrimination in this case.

1.      *The State's Motion to Dismiss*

The State argues, in sum, that the claims of the complaint, so far as they are directed at it, are so conclusory as to not provide fair notice of the nature of the claims and consequently fail to state a claim complying with Rules 8 and 12(b)(6).

Rule 8 requires that, while no "technical forms of pleading . . . are required," V.R.C.P. 8(e)(1), a "pleading which sets forth a claim for relief . . . [nevertheless] shall contain . . . a short and plain statement of the claim *showing that the pleader is entitled to relief*," V.R.C.P. 8(a) (emphasis added). The Vermont Supreme Court has summarized the standard for determining whether a complaint fails to state a claim under Rule 12(b)(6) as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus*., 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted). In assessing a complaint for compliance with this standard, courts are not required to accept "'conclusory allegations or legal conclusions masquerading as factual conclusions.'" *Rodrigue v. Illuzzi*, 2022 VT 9, ¶ 33, 216 Vt. 308 (quoting *Colby v. Umbrella, Inc*., 2008 VT 20, ¶ 10, 184 Vt. 1 (quotation omitted).

The complaint in this case contains numerous details that are not obviously relevant to any legal claims and few that are.[3] As far as the court can tell, the material allegations are as follows: the State provided an emergency housing voucher that allowed Ms. Sita to be housed at Budget Inn. There, Ms. Sita, who is black, was placed in a shared "unit" with a white woman.

---

[3] Ms. Sita has included in the complaint numerous allegations that, as framed, are highly uncertain as to their intended meaning. For example, she asserts in ¶ 12 of the complaint: "Every housing agreement in Vermont contains an implied covenant that parties will act in good faith; Defendants breached this covenant by acting in 'bad faith,' specifically by using administrative envy and jealousy as a basis to deny Plaintiff the benefits of her housing agreement." It is unclear what Ms. Sita means by "administrative envy and jealousy" in this context and how that might support any claim for a violation of the implied covenant of a "housing agreement" (she does not assert any direct breach of contract by anyone).

The white woman broke many rules (such as by drinking a Twisted Tea beverage and having an overnight guest) while Ms. Sita scrupulously complied with all rules. When Ms. Sita complained to Budget Inn about the white woman's behavior, Budget Inn terminated her residency there and did nothing vis-à-vis the white woman. Somehow, whether related to the loss of residency or otherwise, Ms. Sita alleges that she lost access to her housing voucher.

What the State had to do with any of this—other than providing Ms. Sita the voucher that enabled her housing—is left mostly to the imagination as there are virtually no well-pleaded allegations of fact explaining why the State might have liability in this case. Ms. Sita appears to assert, based on one theory or another, that the State is automatically liable for anything that Budget Inn did to her. But that is little more than a broad conclusion of law, and there are no supporting allegations of fact that would permit any inference that the State might have secondary liability for any misconduct by Budget Inn.

This is insufficient to give the State, on a very basic level, fair notice of the claims being asserted against it, and the problem affects all the claims asserted against the State. See 5 Fed. Prac. & Proc. Civ. § 1216 (4th ed.) ("It is clear that in order to satisfy the requirements of Rule 8(a) the pleading must contain something more by way of a claim for relief than a bare allegation that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action."). As against the State, the complaint fails to state a claim.

However, courts seldom dismiss in these circumstances without first giving the pleader an opportunity to file an amended pleading that corrects the defects of the original. See id. ("Of course, if the requisite allegations are not in the complaint and a motion to dismiss for failure to state a claim upon which relief may be granted is made under [Rule] 12(b)(6), the pleader should be given the opportunity to amend the complaint, if she can, to show the existence of the missing elements.").

Accordingly, the State's motion to dismiss the original complaint will be granted, and Ms. Sita will be given 14 days from the date of this Order to file a motion seeking Rule 15(a) leave to amend the complaint to provide effective notice of her claims against the State. V.R.C.P. 15(a). Such a filing should include a proposed amended complaint as an exhibit to the

3

motion seeking permission to amend.  See *Grundy v. City of Burlington*, Dckt. No. 21-CV-03247, 2022 WL 17251723, at *1 (Nov. 15, 2022) (Hoar, J.) (noting that a motion for leave to file an amended complaint requires a proposed amended complaint before the trial court can consider the motion); see also *Colby v. Umbrella, Inc*., 2008 VT 20, ¶ 4, 184 Vt. 1 (noting that the Courts must review the proposed amendments to consider factors of "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.") (internal citations omitted).

## 2.     *Budget Inn's Motion to Dismiss*

Budget Inn seeks dismissal as against it pursuant to Rule 12(b)(4) due to an alleged defect in the form of the summons served on it.  Ms. Sita is pro se.  Rule 4(b) requires that the "summons shall be signed by the plaintiff's attorney or, if the plaintiff has no attorney, by any Superior Judge or a judge or the clerk of the court to which it is returnable."  In briefing, counsel for Budget Inn alleges that the summons was improperly signed by Ms. Sita rather than a judge or clerk.  It argues that the summons is "void" for that reason, and the case should be dismissed.

No doubt, a summons being served by a pro se party must be signed by either a judge or clerk in compliance with Rule 4(b).  Otherwise, however, the court declines to engage in the substance of Budget Inn's argument.  Whatever summons may have been served on Budget Inn is not in the record, Budget Inn's representations in briefing about who signed it, even if generally compliant with Rule 11(b)(3), do not appear in an affidavit, and in opposing Budget Inn's motion, Ms. Sita neither admits nor denies that she—rather than a judge or clerk—signed the summons.  More importantly, the court notes that, absent prejudice, a defect in the form of a summons would be a candidate for an amendment to correct the defect, not dismissal.   See 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353 (4th ed.) ("In the case of an objection under Rule 12(b)(4) to the form of the process, the motion will be granted only when the defect is prejudicial to the defendant . . . .  Otherwise the court will allow an amendment of the process to correct the defect." (footnotes omitted)).  Budget Inn does not assert that the form of the summons actually served on it caused it any prejudice.

## ORDER

For the foregoing reasons:

(a)     the State's motion to dismiss the claims of the original complaint asserted against it is granted;

(b)     Ms. Sita may file, within 14 days, a motion seeking leave of the court to amend the complaint to assert her claims against the State in such fashion as to provide fair notice of their legal nature and the basic facts that support them; the proposed amended complaint must be filed with any such motion; and

(c)     Budget Inn's motion to dismiss is denied.

Electronically signed on 6/4/2026 7:52 PM pursuant to V.R.E.F. 9(d)

_____

Daniel P. Richardson
Superior Court Judge

5